**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEVIN HENRY, | Civil Action No. 2:14-cv-05480-SDW-LDW |
| Plaintiff, | |
| v. | **OPINION** |
| JERSEY CITY POLICE DEPARTMENT et al., | |
| Defendants. | April 20, 2016 |

**WIGENTON**, District Judge.

Before this Court is the Motion to Dismiss of Defendant New Jersey Transit Corporation ("NJT")[1] and the Motion to Dismiss of Defendants State of New Jersey and Hudson County Prosecutor's Office ("HCPO") (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendants' Motions are **GRANTED**.

---

[1] NJT was initially pled as "New Jersey Transit Police." (Am. Compl.) This Court treats NJT as the proper party for purposes of this Opinion.

[2] Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

1

## I. FACTUAL HISTORY

According to the Amended Complaint, Plaintiff Tevin Henry ("Plaintiff") was riding a bicycle on or about November 1, 2012, at approximately 9:30 p.m., in Jersey City, New Jersey, when "one of the Defendants flashed [his or her] headlights at . . . Plaintiff." (Am. Compl. 4 ¶¶ 3-4.) After the headlight flashing, Plaintiff heard someone yell "freeze" and then saw between ten and twelve people run toward him. (*Id*. at 5 ¶¶ 5-6.) According to Plaintiff, he stopped, dropped his bicycle to the ground, and put his hands in the air. (*Id*. at 5 ¶ 7.) Plaintiff was then "immediately assaulted by the Defendants," who "pushed [Plaintiff's] face into the ground[,] . . . began hitting him with flashlights and night sticks [sic] in the face[,] . . . . twisted his ankles and kicked and stepped on his chest." (*Id*. at 5 ¶¶ 9, 10.)

Plaintiff also claims he was searched after the alleged assault. (*Id*. at 5 ¶ 11.) Although Defendants purportedly accused Plaintiff of possessing a firearm, the search only yielded a flashlight, which Defendants subsequently broke. (*Id*. at 5 ¶ 11.) Plaintiff was released "a short time later." (*Id*. at 5 ¶ 12.)

According to Plaintiff, his assailants were a group of law enforcement officers or officials from the Jersey City Police Department, Hudson County Prosecutor's Office, Hudson County Sheriff's Office, and New Jersey Transit Police Department. (*Id*. at 2-3 ¶¶ 2-5.) Plaintiff claims the assault caused him to sustain "severe and grievous permanent injuries." (*Id*. at 5 ¶14.)

## II. PROCEDURAL HISTORY

On July 9, 2014, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Hudson County; which Defendants County of Hudson and Hudson County Sheriff's Office subsequently removed to this Court on September 2, 2014. (Dkt. No. 1.) On October 15, 2015, Plaintiff filed an Amended Complaint, naming a number of individual police officers and

2

entities as defendants, including Defendants NJT, State of New Jersey, and HCPO. (Dkt. No. 28.) The Amended Complaint seeks damages, costs, and fees from Defendants for deliberate indifference, recklessness, negligence, assault, battery, intentional misconduct, and violation of Plaintiff's equal protection and due process rights pursuant to 42 U.S.C. §§ 1982, 1983, and 1985; the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2 ("NJCRA"); and "all applicable New Jersey State Laws." (*See* Am. Compl.)

On November 12, 2015, Defendant NJT filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 35.) On January 8, 2016, Defendants State of New Jersey and HCPO filed a Motion to Dismiss Plaintiff's Amended Complaint, also pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 45.)

**III.   LEGAL STANDARD**

   *A. Federal Rule of Civil Procedure 12(b)(1)*

A defendant may move to dismiss a complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by challenging jurisdiction facially or factually. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law . . . ." *Id*. at 358. In contrast, a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id*. Drawing this distinction is important because it "determines how the pleading must be reviewed." *Id*. at 357-58 (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In analyzing a facial challenge, "the court must only consider the allegations of the complaint and documents

3

referenced therein and attached thereto . . . ." *Constitution Party of Pennsylvania*, 757 F.3d at 348 (citing *In re Schering Plough Corp. Intron*, 678 F.3d at 243). Whereas in considering a factual challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Constitution Party of Pennsylvania*, 757 F.3d at 348. Furthermore, in considering a factual challenge to subject matter jurisdiction, "the plaintiff's allegations enjoy no presumption of truthfulness, and [the plaintiff] bears the burden of establishing jurisdiction." *Meehan v. Taylor*, No. CIV. 12-4079, 2013 WL 4517943, at *2 (D.N.J. Aug. 26, 2013) (first citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); then citing *Mortensen v. First Fed. Sav. ¶ Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)).

### B. *Federal Rule of Civil Procedure 12(b)(6)*

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). However, "the tenet that a court must accept

as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## IV.   DISCUSSION

### A.   Sovereign Immunity

Defendants argue in their Motions that they are entitled to immunity from suit in this Court pursuant to the Eleventh Amendment. (Dkt. No. 35-4 at 5-24; Dkt. No. 45-1 at 6-11.) As Plaintiff withdrew his claims against Defendant State of New Jersey, those claims are dismissed. (*See* Dkt. No. 52 at 2.) Therefore, this Court must determine whether Defendants NJT and HCPO are entitled to sovereign immunity under the Eleventh Amendment.

#### a.   *NJT is Entitled to Immunity under the Eleventh Amendment*

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Although these terms provide states with immunity from private claims in federal court by citizens of other states, the Supreme Court has held that the Eleventh Amendment also provides immunity for states from claims by their own citizens. *See Pennhurst States Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In addition, Eleventh Amendment

immunity extends to entities, such as state departments and agencies, in cases where the "state is the real party in interest," because the entity is an arm of the state. *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (1989) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007), *amended on reh'g* (Mar. 8, 2007) (first citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); then citing *Pennhurst State Sch. & Hosp.,* 465 U.S. at 101).

In order to determine whether a defendant-entity in a particular federal case is an arm of the state such that the state is the real party in interest, courts apply the three-factor test outlined in *Fitchik*, 873 F.2d at 659. The three-factor test requires the court to determine: "(1) Whether the money that would pay the judgment would come from the state . . . ; (2) The status of the agency under state law . . . ; and (3) What degree of autonomy the agency has." *Id*.

In *Fitchik*, the Third Circuit determined that NJT was not entitled to immunity under the Eleventh Amendment. *Id*. at 644. However, in reaching this conclusion, the Third Circuit gave primacy to the first *Fitchik* factor (whether the state would pay a judgment against NJT). *Id*. at 659-60; *see also id.* at 664 ("The majority reaches this result by relying, in essence, only on its analysis of . . . the impact of a judgment against [NJT] on the treasury of the State of New Jersey.") (Rossen, J., dissenting). The Third Circuit subsequently determined in *Benn v. First Judicial Dist. Of Pa.*, that this approach was no longer appropriate after the Supreme Court's holding in *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425 (1997). 426 F.3d 233, 239 (3d Cir. 2005). In other words, courts "can no longer ascribe primacy to the first [*Fitchik*] factor." *Id.* The reason for "[this] relegation of financial liability to the status of one factor co-equal with others in the immunity analysis" is the underlying purpose of Eleventh Amendment sovereign immunity:

> [w]hile state sovereign immunity serves the important function of shielding state treasuries . . . the doctrine's central purpose is to accord the States the respect owed

6

>them as joint sovereigns . . . . [and to] protect[] against the indignity of any kind of suit whatsoever.

*Id*. at 240 (first citing *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765 (2002); then citing *Hampe v. Butler*, 364 F.3d 90, 97 (3d Cir. 2004)) (internal quotation marks omitted).

As the Third Circuit has not reconsidered its holding regarding NJT since issuing its decision in *Fitchik*, this Court must determine whether NJT is an arm of the state when the *Fitchik* factors are given equal consideration.

In *Fitchik*, the Third Circuit found that the first *Fitchik* factor (whether the state would pay a judgment against the entity) weighed against NJT being immune under the Eleventh Amendment, but that the second and third factors (the entity's status under state law and its degree of autonomy, respectively) weighed in favor of immunity. *See Fitchik*, 873 F.2d at 664. Specifically, the *Fitchik* Court found that the funding factor weighed against NJT being entitled to immunity because, *inter alia*, NJT is self-insured, NJT can borrow funds, and "NJT's money does *not* come predominantly from the state." *Id.* at 660. However, in more recent decisions, the Third Circuit has held that Eleventh Amendment immunity applies when only two of the three *Fitchik* factors weigh in favor of immunity. *See Benn*, 426 F.3d at 240-41 (holding that the First Judicial District of Pennsylvania was entitled to immunity even though it was "locally funded"); *Bowers*, 475 F.3d at 549 (holding that the University of Iowa was entitled to immunity even though the "State of Iowa [was] not obligated to pay a judgment against the University.").

In this instance, the second and third *Fitchik* factors weigh in favor of NJT being entitled to immunity as an arm of the state. Specifically, New Jersey state law indicates that NJT is "an instrumentality of the State." N.J. Stat. Ann. ("N.J.S.A.") § 27:25-4. New Jersey courts also have repeatedly held that NJT is a "state agency." *See, e.g.*, *N.J. Transit PBA Local 304 v. N.J. Transit Corp.*, 675 A.2d 1180, 1181 (N.J. Super. Ct. App. Div. 1996), *aff'd*, 701 A.2d 1243 (1997)

7

("Defendant [NJT] is a state agency responsible for operating and improving public transportation in New Jersey."); *see also Davis v. N.J. Transit*, No. A-4901-10T1, 2012 WL 3192716, at *3 (N.J. Super. Ct. App. Div. Aug. 8, 2012) ("NJT is 'a surrogate of the State . . . .'" (quoting *GEOD Corp. v. N.J. Transit Corp.*, 678 F. Supp. 2d 276, 288 (D.N.J. 2009))). Furthermore, NJT lacks autonomy from the state because, in addition to other factors, the Governor has veto power over all NJT Board decisions under N.J.S.A. § 27:25-4.

Moreover, since the Third Circuit's holding in *Fitchik*, this Court has repeatedly found that NJT is a surrogate of, and lacks autonomy from, the state. *See GEOD Corp.*, 678 F. Supp. 2d at 287-88; *Joseph v. N.J. Transit Rail Operations, Inc.*, No. CIV.A. 12-1600, 2013 WL 5676690, at *14 (D.N.J. Oct. 17, 2013), *aff'd*, 586 F. App'x 890 (3d Cir. 2014); *Mancini v. N.J. Transit Corp.*, No. 12-CV-5753, 2013 WL 2460342, at *2 (D.N.J. June 5, 2013).[3] In fact, in *Karns v. Shanahan*, the U.S. District Court for the District of New Jersey held that NJT is entitled to immunity under the Eleventh Amendment because two of the three *Fitchik* factors weigh in that direction. 2016 U.S. Dist. LEXIS 45402, *14 (D.N.J. Mar. 31, 2016).

In light of both the Third Circuit's holding in *Benn* that the *Fitchik* factors must be given equal consideration, and the fact that two of the three *Fitchik* factors weigh in favor of Eleventh Amendment immunity for NJT, this Court finds that NJT is an arm of the state of New Jersey entitled to Eleventh Amendment immunity.

---

[3] This Court notes that the cited cases determined that NJT is a surrogate of, and lacks autonomy from, the State of New Jersey in the context of an "analytically distinct" analysis, i.e., determining whether NJT is a "person" under 42 U.S.C. § 1983. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014). Therefore, this Court relies on those cases in its immunity analysis only for their recognition of NJT's status under state law and NJT's lack of autonomy, but not for their ultimate conclusion that NJT is an arm of the state.

### b.     *HCPO is Entitled to Immunity under the Eleventh Amendment*

HCPO argues in its Motion to Dismiss that this Court lacks subject-matter jurisdiction over Plaintiff's claims against HCPO because it is entitled to Eleventh Amendment immunity. (Dkt. No. 45-1 at 6-11.) In response, Plaintiff argues that the county prosecutors' offices in New Jersey are entitled to Eleventh Amendment immunity only when they act in a classic law enforcement role. (*See* Dkt. No. 52.) However, to determine whether a county prosecutor's office is entitled to immunity under the Eleventh Amendment, this Court must apply the *Fitchik* factors. *See Estate of Lagano*, 769 F.3d at 857-58.

The first *Fitchik* factor, whether the state would pay a judgment against the defendant, weighs in favor of immunity in this instance because any damages against HCPO for Plaintiff's claim would potentially come from the New Jersey Treasury. The New Jersey Supreme Court has held that "when county prosecutors . . . act in their law enforcement/investigatory capacity, they act as 'agents' and 'officers' of the State [such that] the State should be made 'to respond in damages' . . . ." *Wright v. State*, 778 A.2d 443, 462 (N.J. 2001) (citations omitted). Plaintiff alleges in his Amended Complaint that officers from HCPO used excessive force in an effort to stop him. (Am. Compl. at 5 ¶ 14.) Plaintiff adds to these allegations, in his Opposition, that officers were patrolling Jersey City at the time Plaintiff was assaulted "in enforcement of a curfew imposed by the Mayor in the aftermath of Hurricane Sandy." (*See* Dkt. No. 52 at 2-3.) However, when law enforcement officers engage in activity like apprehending an individual who was possibly violating an emergency curfew, they are acting in a classic law enforcement role. *See Wright*, 778 A.2d at 461 (stating that the classic law enforcement role includes "investigating criminal activity and enforcing the law") (citing *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)). As HCPO was acting in its "law enforcement/investigatory capacity" the state would

9

potentially be made "to respond in damages." *See id.* at 462. Therefore, the first *Fitchik* factor weighs in favor of granting HCPO sovereign immunity.

In addition, the second *Fitchik* factor (the status of the entity under state law) weighs in favor of granting immunity because HCPO is a "constitutionally established office" and because state law vests "the Attorney General and the county prosecutors" with exclusive jurisdiction over the state's "criminal business." *See id.* at 452 (quoting *Coleman,* 87 F.3d at 1500) (internal quotation marks omitted); N.J. Const. art. VII, § 2, ¶ 1; N.J.S.A. § 2A:158-4. Moreover, the third *Fitchik* factor (the entity's degree of autonomy) also weighs in favor of granting HCPO immunity because New Jersey county prosecutors' offices do not have substantial autonomy when their actions involve the enforcement of criminal law. *See Wright*, 778 A.2d at 464.

Accordingly, in light of the *Fitchik* factors, HCPO is an arm of the state entitled to sovereign immunity. *See Rouse v. N.J. Dep't of Health & Human Servs.*, No. CV 15-01511, 2015 WL 5996324, at *3 (D.N.J. Oct. 13, 2015) (holding that HCPO was entitled to Eleventh Amendment immunity); *Paez v. Lynch*, 7-cv-5036, 2009 WL 5171858, *4 (D.N.J. Dec. 23, 2009) (same); *Mikhaeil v. Santos*, 10-cv-3876, 2011 WL 2429313, *4 (D.N.J. June 13, 2011) (same).

### B.   Plaintiff's Claims against NJT and HCPO

As Defendants NJT and HCPO are both entitled to immunity under the Eleventh Amendment, this Court lacks subject-matter jurisdiction over all of Plaintiff's claims to the extent that immunity has not been waived or abrogated. Immunity may only be waived or abrogated if either the state "unequivocally express[ed] consent to suit in federal court," *Hyatt v. Cty. of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009) (citing *Pennhurst*, 465 U.S. at 99); or, if Congress "(1) unequivocally express[ed] its intent to abrogate that immunity; and (2) act[ed] pursuant to a valid grant of constitutional authority." *Bowers*, 475 F.3d at 550. Because the state has not waived

immunity and Congress has not abrogated it regarding any of Plaintiff's claims, this Court lacks subject-matter jurisdiction.

### a. Plaintiff's Claims under 42 U.S.C. §§ 1982, 1983, and 1985

The Amended Complaint includes claims against NJT and HCPO under 42 U.S.C. §§ 1982, 1983, and 1985. However, the state has not waived, and Congress has not abrogated, the state's immunity regarding claims under any of these statutes. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity); *Rhett v. Evans*, 576 F. App'x 85, 88 (3d Cir. 2014) ("Section 1983 does not abrogate states' immunity . . . ."); *Collins v. Sload*, 212 F. App'x 136, 140 n.5 (3d Cir. 2007) ("[T]he Eleventh Amendment barred the suit under [§§ 1983 and 1985] . . . ."); *Owens v. Armstrong*, No. CV 15-4911, 2016 WL 1117945, at *6 (D.N.J. Mar. 22, 2016) ("Congress did not expressly abrogate sovereign immunity when it passed §§ 1983 and 1985 . . . ."); *Tariq-Shuaib v. City of Camden*, No. 09-4760, 2011 WL 383857, at *3 (D.N.J. Feb. 3, 2011) ("Plaintiff's § 1982 claim . . . fails to meet either exception to state sovereign immunity."). For that reason, Plaintiff's claims against NJT and HCPO under 42 U.S.C. §§ 1982, 1983, and 1985 are dismissed.

The Supreme Court has recognized that 42 U.S.C. § 1983 does not abrogate a state's immunity. *See Quern*, 440 U.S. at 342. However, even if NJT and HCPO were not entitled to immunity under the Eleventh Amendment, Plaintiff's § 1983 claims would still fail against both Defendants because NJT and HCPO are not a "person[s]" under 42 U.S.C. § 1983. Section 1983 states in relevant part:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

11

42 U.S.C. § 1983 (emphasis added). In *Will v. Mich. Dep't of State Police*, the Supreme Court held that a state is not a "person" potentially liable under 42 U.S.C. § 1983. 491 U.S. 58, 64 (1989). In order to determine whether a defendant-entity is an arm of the state such that it is also not a person within the meaning of § 1983, the Third Circuit applies the *Fitchik* factors. *See Callahan v. City of Philadelphia*, 207 F.3d 668, 670 (3d Cir. 2000). As this Court discussed above, both NJT and HCPO are entities of the state of New Jersey for purposes of the Eleventh Amendment. *See Karns*, 2016 U.S. Dist. LEXIS 45402, at *14 (holding that NJT is entitled to Eleventh Amendment immunity); *Rouse*, 2015 WL 5996324, at *3 (holding that HCPO is entitled to Eleventh Amendment immunity). While recognizing that the Eleventh Amendment and § 1983 determinations are analytically distinct, this Court finds that two of the three *Fitchik* factors weigh in favor of NJT being an arm of the state. Therefore, NJT is not a "person" within the meaning of 42 U.S.C. § 1983. *See, e.g.*, *Joseph*, 2013 WL 5676690, at *14 (holding that NJT is not a person under § 1983). In addition, New Jersey county prosecutors are not "persons" under § 1983 when engaging in classic law enforcement activity and, therefore, HCPO is also not a "person" within the meaning of 42 U.S.C. § 1983 for the purposes of Plaintiff's claim. *See Estate of Lagano*, 769 F.3d at 855. Therefore, even if NJT and HCPO were not entitled to sovereign immunity, Plaintiff's § 1983 claims would fail because HCPO and NJT are not "person[s]" under § 1983.

In addition, Plaintiff also failed to state claims under 42 U.S.C. §§ 1982 and 1985. Insofar as HCPO and NJT are not persons under § 1983, they are also not persons potentially liable under § 1985. *See Estate of Lagano*, 769 F.3d at 854. Moreover, Plaintiff's § 1985 claim states that "Defendants conspired against Plaintiff to deprive him of equal protection . . . ." (Am. Compl. 8 ¶ 2.) However, to state a claim for conspiracy to deprive a person of his rights or privileges under § 1985(3), a Plaintiff must allege that the conspiracy was "motivated by 'some racial, or perhaps

12

otherwise class-based, invidiously discriminatory animus.'" *Mendez v. N.J. State Lottery Comm'n*, 532 F. App'x 41, 45 (3d Cir. 2013) (quoting *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006)) (internal quotation marks omitted). Plaintiff's Amended Complaint does not allege such a motivation and, therefore, fails to allege sufficient facts to state a claim under § 1985. Similarly, Plaintiff's § 1982 claim is also deficient because § 1982 "outlaw[s] *racial* discrimination . . . . [and Plaintiff] has not alleged that []he is a racial minority or that the [D]efendants' alleged misconduct was racially motivated." *See Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x 141, 144 (3d Cir. 2014) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)).

### b. *Plaintiff's Claims under State Law*

Plaintiff's claims under New Jersey law are also barred because Defendants are entitled to immunity under the Eleventh Amendment and neither the state nor Defendants have waived that immunity.

This Court lacks subject-matter jurisdiction over Plaintiff's claims under the NJCRA because NJT and HCPO are entitled to Eleventh Amendment sovereign immunity. *See Lopez-Siguenza v. Roddy*, No. CIV. 13-2005, 2014 WL 1298300, at *7 (D.N.J. Mar. 31, 2014) (dismissing NJCRA claims as barred by sovereign immunity); *Endl v. New Jersey*, 5 F. Supp. 3d 689, 697 (D.N.J. 2014) (same). Moreover, liability under the NJCRA is, as under 42 U.S.C. § 1983, dependent on the defendant being a "person." *See Estate of Lagano*, 769 F.3d at 856-57; *Lopez-Siguenza*, 2014 WL 1298300, at *7 ("Courts in this District have consistently interpreted the NJCRA as having incorporated [the Supreme Court's analysis of the term "person" in the context of 42 U.S.C. § 1983].") As NJT and HCPO are not persons within the context of 42 U.S.C. § 1983, it follows that they are also not persons potentially liable under the NJCRA. Therefore,

even if NJT and HCPO were not immune under the Eleventh Amendment, Plaintiff's NJCRA claims would fail.

Finally, Plaintiff has provided this Court with no basis to find that it has subject-matter jurisdiction over Plaintiff's claims for deliberate indifference, recklessness, negligence, assault, battery, and intentional misconduct. In particular, this Court notes that the New Jersey Tort Claims Act "does not expressly consent to suit in federal courts and thus is not an Eleventh Amendment waiver." *Hyatt*, 340 F. App'x at 837 (citing N.J.S.A. § 59:2-2(a)). Accordingly, Plaintiff's tort claims are barred by Defendants' sovereign immunity.

## V. CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         Magistrate Judge Leda D. Wettre
            Parties